UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PHILLIP O. LOPEZ and
FELIZ GONZALES,

    Plaintiffs

V.

THE STATE OF NEW MEXICO,
THE CITY OF LAS CRUCES, and
OFFICER DAVID RODRIGUEZ and
DETECTIVE MICHAEL RICKARDS, in their
official and individual capacities as employees of
the City of Las Cruces,

    Defendants.

**COMPLAINT FOR TORT CLAIMS AND CIVIL RIGHTS VIOLATIONS**

Plaintiffs Phillip O. Lopez and Feliz Gonzales, by counsel listed below, bring this Complaint under New Mexico common law, the Fourth Amendment of the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and the New Mexico Tort Claims Act for damages resulting from injuries inflicted upon them by State Police and City of Las Cruces police officers. Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction and venue are proper pursuant to 28 U.S.C. §1331. All of the parties reside or do business in New Mexico, and the acts complained of occurred exclusively within New Mexico. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. Plaintiffs have satisfied all New Mexico Tort Claims Act notice requirements.

## PARTIES

2. Plaintiffs are residents of Dona Ana County, New Mexico.

3. Defendant City of Las Cruces ("City") is a municipality and governmental entity within the meaning of the New Mexico Tort Claims Act. The City is a person within the meaning of 42 U.S.C. §1983. At all times material hereto, the City was responsible for the operation of the Las Cruces Police Department ("LPD") and for claims against it.

4. Defendant State of New Mexico ("State") is a governmental entity within the meaning of the New Mexico Tort Claims Act. At all times material hereto, the State was responsible for the operation of the State Police Department and for claims against it.

5. Defendants Rodriguez and Rickards ("individual defendants") are individuals employed by the City of Las Cruces as police officers. At all times material, the individual defendants were acting in the course and scope of their employment and under color of state law.

## FACTUAL BACKGROUND

6. During the evening of January 4, 2014, the Las Cruces City Police Department, through its non-emergency number, received a call requesting an officer take a report regarding a dispute and threats between neighbors.

7. Defendant Rodriguez was dispatched to West Court Rd. in response to this call.

8. Defendant Rodriguez had no idea who was the caller or who had allegedly made threats at any time before his arrest of Plaintiffs.

9. Upon arriving close to the location, Defendant Rodriguez extinguished his lights, exited his vehicle and began to approach.

10. At that time Defendant Rodriguez spotted Plaintiff Lopez moving towards a back door of a home in the vicinity of the reported call for assistance, which was in fact the door to his own home.

11. Defendant Rodriguez, with absolutely no provocation, and no reasonable suspicion nor probable cause to believe a crime had been committed, pulled his gun on Plaintiff Lopez and pointed it at him.

12. Defendant Rodriguez demanded Plaintiff Lopez move towards him; Plaintiff Lopez complied, showed Defendant his hands, and further lifted his shirt to show Defendant Rodriguez that he was unarmed.

13. Plaintiff questioned Defendant Rodriguez about what had he done and why was he pointing a gun at him.

14. At some point during this exchange, Plaintiff Gonzales came outside to retrieve Plaintiffs' dog, which had gotten out.

15. Plaintiff Gonzales approached the location where her husband, Plaintiff Lopez was located.

16. Defendant Rodriquez began shouting at Plaintiffs and Plaintiffs feared they were going to be shot.

17. Unknown to Plaintiffs, at some point Defendant Rodriquez re-holstered his gun and was now armed with and pointing a tazer at them.

18. With no physical provocation, Defendant Rodriguez tazed both Plaintiffs, first Mr. Lopez, then Ms. Gonzales. Plaintiff Lopez fell to his knees.

19. After being hit with the initial tazer shot, Plaintiff Gonzales landed face-down on the ground, the exact position she stayed in throughout the rest of the incident.

20. Plaintiff Lopez questioned Defendant Rodriguez as to why he had tazed his wife and demanded that he leave her alone.  At some point Mr. Lopez removed the tazer prongs from his own person but did not get up and remained seated on the ground.

21. In response, Defendant Rodriquez yelled several times "STOP TALKING" and "STOP TALKING OR I'LL TAZE YOU AGAIN."

22. After shouting at Plaintiffs he proceeded to send more tazer "cycles" or "charges" through Plaintiff Gonzales.

23. In total, Defendant Rodriguez sent 10 additional cycles through Plaintiff Gonzales after the initial, incapacitating shot.

24. Plaintiff Gonzales was taken to the hospital and then held in police custody.  Plaintiff Lopez was taken straight into police custody.

25. Plaintiffs were charged under the municipal code with a petty misdemeanor count of assault on an officer.  Both cases are on appeal at district court.

27. Immediately after the incident Defendant Rodriquez posted an internal bulletin about Plaintiff Lopez and sent a department-wide email, identifying him as a threat to officers.

28. The day before this incident, January 3, 2015, there was a felony shoplifting that occurred at a local Walmart in Las Cruces, New Mexico.

29. On or about January 5th and 6th, 2015, City of Las Cruces Police officers conspired to provide either unverified or purposely false information to State Police

Officer Charles Boylston, stating that Plaintiffs were the shoplifters as identified in Walmart's video of the crime.

30. On January 6th, 2015, Defendant Rickards contacted State Officer Boylston and positively identified Plaintiffs as the shoplifters in the Walmart video.

31. The shoplifters in the video were not Plaintiffs and a visual comparison would have easily confirmed this.

32. Additionally, Plaintiff Lopez was at work during the crime in question and this could have also been easily confirmed with his employer, as it eventually was.

33. Additionally, the individuals in the video had a child with them; Plaintiffs did not have a child at the time. The vehicle in the video is not a vehicle registered to or associated with either Plaintiff.

34. Neither the State nor the City did any investigation whatsoever before identifying Plaintiffs as the suspects, preparing an affidavit and obtaining a warrant for their arrest.

35. Defendants had no reasonable suspicion or probable cause to believe that Plaintiffs had committed any criminal acts. Defendants did no independent investigation before arresting, imprisoning and charging Plaintiffs.

36. Criminal Complaints for felony shoplifting were filed against Plaintiffs on January 9, 2015.

37. Warrants were issued for Plaintiffs' arrests on January 9, 2015 and they were each arrested by Defendant City officers on that date.

38. Defendant Rodriguez was part of the group of Las Cruces Police that executed the arrest warrant on Plaintiff Lopez.

39. Throughout that arrest, officers, through discussions among themselves, tried to distance themselves from the warrant and State police.

40. During that arrest Defendant Rodriguez was defending his actions of tazing, charging, and arresting Plaintiffs (in relation to the January 4th incident) to other officers.

41. After Plaintiffs' arrests, Plaintiff Lopez's father continually tried to communicate with State Officer Boylston to explain his son could not have been at Walmart as he was at work that day.

42. Upon investigation, State Officer Boylston discovered that Plaintiff Lopez was in fact at work on the date in question.

43. When State Officer Boylston saw Plaintiff Gonzales at jail, he immediately realized she was not the woman in the Walmart video.

44. After this small amount of investigation it was clear to State Officer Boylston that Plaintiffs did not commit the crime for which they were arrested and imprisoned and he requested the D.A. drop the charges.

45. The cases against Plaintiffs were nolle prosequi'd on January 15th, 2015.

46. By the time the false charges were dropped, Plaintiff Gonzales had spent three (3) days in jail; Plaintiff Lopez six (6).

47. As a direct and proximate result of Defendants' conduct set out above, Plaintiffs have suffered serious physical and psychological injuries, mental distress, fear, anxiety, and emotional suffering, past and future.   Plaintiffs are entitled to compensatory damages for the above-described injuries.

48. Defendants, separately and in concert, acted in bad faith, willfully,

knowingly and purposefully with the specific intent to deprive Plaintiffs of their constitutional rights and further acted recklessly, wantonly, and oppressively. As a result of the nature of Defendants' conduct, Plaintiffs are entitled to punitive damages.

## NEW MEXICO TORT CLAIMS

### COUNT I - ASSAULT AGAINST
### DEFENDANT CITY AND RODRIGUEZ
### (POINTING A GUN AT PLAINTIFF LOPEZ)

49. Paragraphs 1-48 are incorporated as if stated herein.

50. Defendant Rodriguez assaulted Plaintiff Lopez by pointing a gun at him with no provocation.

51. Defendant Rodriguez's wrongful actions constituted a criminal act under the laws of the State of New Mexico.

52. This use of force was excessive and unnecessary as Defendant Rodriguez had no reasonable belief that Plaintiff Lopez posed a threat or was armed or dangerous.

53. Defendant Rodriguez's actions constituted assault for which immunity has been waived by NMSA 1978, § 41-4-12 (1977) and for which the City is liable under the doctrine of *respondeat superior*.

### COUNT II - ASSAULT AND BATTERY AGAINST
### DEFENDANT CITY AND RODRIGUEZ
### (INITIAL TAZING OF BOTH PLAINTIFFS)

54. Paragraphs 1-53 are incorporated as if stated herein.

55. Defendant Rodriguez battered Plaintiffs by tazing them initially.

56. Defendant Rodriguez's wrongful actions constituted a criminal act under the laws of the State of New Mexico.

57. This use of force was excessive and unnecessary as Plaintiffs had already submitted to his earlier show of authority.

58. Defendant Rodriguez's actions constituted assault and battery for which immunity has been waived by NMSA 1978, § 41-4-12 (1977) and for which the City is liable under the doctrine of *respondeat superior*.

## COUNT III - BATTERY AGAINST
## DEFENDANT CITY AND RODRIGUEZ
## (TAZINGS 2 - 11 of PLAINTIFF GONZALES)

59. Paragraphs 1-58 are incorporated as if stated herein.

60. Defendant Rodriguez battered Plaintiff Gonzales by continuing to taze her 10 additional times after she was incapacitated.

61. Defendant Rodriguez's wrongful actions constituted a criminal act under the laws of the State of New Mexico.

62. This use of force was excessive and unnecessary as Defendant Rodriguez had no reasonable belief that Plaintiff Gonzales posed a continued threat after being incapacitated.

63. Defendant Rodriguez's actions constituted assault and battery for which immunity has been waived by NMSA 1978, § 41-4-12 (1977) and for which the City is liable under the doctrine of *respondeat superior*.

## COUNT IV - FALSE ARREST & IMPRISONMENT (SHOPLIFTING CASES)
## AGAINST ALL DEFENDANTS

64. Paragraphs 1-65 are incorporated as if stated herein.

65. Defendants arrested and imprisoned Plaintiffs without probable cause or other legal cause or justification, and made false criminal allegations against Plaintiffs to justify their unlawful actions.

66. The detention of Plaintiffs was not justified or privileged under state law and constituted false arrest and imprisonment for which immunity has been waived by NMSA 1978, § 41-4-12 (1977) and for which the City and State are liable under the doctrine of *respondeat superior*.

### COUNT V - MALICIOUS ABUSE OF PROCESS
### AGAINST DEFENDANT CITY, RODRIGUEZ and RICKARDS
### (SHOPLIFTING CASES)

67. Paragraphs 1-66 are incorporated as if stated herein.

68. Defendants chose to facilitate the charging and prosecution of Plaintiffs even though they did not have a reasonable belief that the charges could be established to the satisfaction of a court or jury.

69. Defendants' illegitimate motive of retaliating against Plaintiffs and to cover up their own misconduct were the reasons for this misuse of process and constitutes malicious abuse of process under state law.

### FEDERAL CONSTITUTIONAL CLAIMS

### COUNT VI - FOURTH AMENDMENT CLAIM (EXCESSIVE FORCE)
### AGAINST DEFENDANT RODRIGUEZ
### (ASSAULT on PLAINTIFF LOPEZ)

70. Paragraphs 1-69 are incorporated as if stated herein.

71. Plaintiff Lopez has and had a Fourth Amendment right to be free from excessive force.

72.     Defendant Rodriguez's violent seizure of Plaintiff Lopez was objectively unreasonable, intentional, willful, wanton and in gross and reckless disregard to Plaintiffs' rights to be free of unreasonable seizures under the Fourth Amendment. The seizure was executed with unnecessary and excessive force.

73.     Defendant Rodriguez acted in bad faith, willingly, knowingly and purposefully with the specific intent to deprive Plaintiff Lopez of his constitutional rights and further acted recklessly, wantonly and oppressively.  As a result of the nature of Defendant's conduct, Plaintiff Lopez is entitled to punitive damages.

### COUNT VII - FOURTH AMENDMENT CLAIM (EXCESSIVE FORCE) AGAINST DEFENDANT RODRIGUEZ (TAZINGS 2-11 as to PLAINTIFF GONZALES)

74.     Paragraphs 1-73 are incorporated as if stated herein.

75.     Plaintiff Gonzales has and had a Fourth Amendment right to be free from excessive force.

76.     Defendant Rodriguez's violent seizure of Plaintiff Gonzales was objectively unreasonable, intentional, willful, wanton and in gross and reckless disregard to Plaintiffs' rights to be free of unreasonable seizures under the Fourth Amendment. The seizure was executed with unnecessary and excessive force.

77.     Defendant Rodriguez acted in bad faith, willingly, knowingly and purposefully with the specific intent to deprive Plaintiff Gonzales of her constitutional rights and further acted recklessly, wantonly and oppressively.  As a result of the nature of Defendant's conduct, Plaintiff Gonzales is entitled to punitive damages.

### COUNT VIII - FOURTH AMENDMENT CLAIM AGAINST DEFENDANTS RODRIGUEZ and RICKARDS
### (SHOPLIFTING CASES)

78.     Paragraphs 1-77 are incorporated as if stated herein.

79.     Plaintiffs have and had a Fourth Amendment right to be free from unlawful arrest and imprisonment.

80.     The Individual Defendants facilitated the arrest and imprisonment of Plaintiffs without probable cause or other legal cause or justification, and made false criminal allegations against Plaintiffs to justify their unlawful actions.

81.     The Individual Defendants' conduct was objectively unreasonable, intentional, willful, wanton and in gross and reckless disregard to Plaintiffs' rights to be free of unreasonable seizures under the Fourth Amendment.

82.     The Individual Defendants acted in bad faith, willingly, knowingly and purposefully with the specific intent to deprive Plaintiffs of their constitutional rights and further acted recklessly, wantonly and oppressively.  As a result of the nature of Defendants' conduct, Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiffs prays for judgment as follows:

1.     Compensatory damages in an as yet undetermined amount jointly and severally against all defendants;

2.     Punitive damages in as yet undetermined amounts against the individually named defendants on the federal claims;

3.     Trial by jury on all issues so triable;

4.     Reasonable costs and attorneys fees incurred in bringing this action; and,

5.     Such other relief as the Court deems just and proper.

Respectfully submitted,

_____
Hope Eckert
Attorney at Law, LLC
500 Marquette NW, Suite 1200
Albuquerque, NM 87102
505-480-8580
heckert@swcp.com

-AND-

FOR
_____
CHARLES T. ESTY
Attorney at Law, L.L.C.
Attorney for Phillip Lopez
620 Roma NW
Albuquerque, NM  87102
Telephone:  505-242-2524
Fax:  505-246-9797

Attorneys for Plaintiffs