## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**PHILLIP O. LOPEZ and**
**FELIZ GONZALES,**

    **Plaintiffs,**

**v.**

                                                         **No. 15-cv-0889 GBW/SMV**

**THE STATE OF NEW MEXICO,**
**THE CITY OF LAS CRUCES,**
**DAVID RODRIGUEZ, and**
**MICHAEL RICKARDS,**

    **Defendants.**

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism are required of counsel. Counsel must read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

The Court will determine actual case management deadlines after considering the parties' requests made in the Joint Status Report. Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the Scheduling Order.

A Rule 16 initial scheduling conference will be held by telephone on **February 8, 2016, at 1:30 p.m.** Parties shall call Judge Vidmar's "Meet Me" line at **505-348-2357** to be connected

to the proceedings.[1]  At the conference, counsel and any pro se parties must be prepared to discuss their JSR, all claims and defenses, initial disclosures, discovery requests and scheduling, issues relating to the disclosure, discovery, and preservation of electronically stored information, the timing of expert disclosures and reports under Rule 26(a)(2),[2] and the use of scientific evidence and whether it is anticipated that a *Daubert*[3] hearing will be needed.  We will also discuss settlement prospects and, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c).  Lead counsel and parties appearing pro se must participate unless excused by the Court.  Parties represented by counsel need not attend.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

**Telephonic Rule 16 Initial Scheduling Conference:**            February 8, 2016, 1:30 p.m.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] The "Meet Me" line accepts no more than five incoming telephone lines at a time.  Counsel shall coordinate with each other *prior to the conference* to ensure that no more than five incoming telephone lines are utilized.

[2] In preparing the JSR, counsel should be familiar with the Rule 26 requirements concerning disclosure of expert testimony for witnesses who do not provide a written report.  *See* Fed. R. Civ. P. 26(a)(2)(C).  Summary disclosures are, under certain circumstances, required of treating physicians.  *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

[3] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993).