IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP O. LOPEZ and
FELIZ GONZALES,

        Plaintiffs,

v.                                No. 2:15-CV-00889 JCH/SMV

THE STATE OF NEW MEXICO,
THE CITY OF LAS CRUCES, and
OFFICER DAVID RODRIGUEZ and
DETECTIVE MICHAEL RICKARDS, in their
official and individual capacities as employees of
the City of Las Cruces,

        Defendants.

MEMORANDUM OPINION AND ORDER

On August 5, 2016, Plaintiffs Phillip O. Lopez and Feliz Gonzales (collectively, "Plaintiffs") filed a "Partially Unopposed Motion to Reinstate Defendant Michael Rickards" (ECF No. 104). Defendant State of New Mexico does not oppose the motion,[1] but Defendants City of Las Cruces and David Rodriguez (collectively, "City Defendants") oppose the motion. The Court, having considered the motion, pleadings, briefs, evidence, applicable law, and otherwise being fully advised, concludes that the motion to reinstate Defendant Rickards should be granted but the request for attorney's fees, made for the first time in Plaintiffs' reply brief, will be denied with leave to re-file with supporting documentation.

---

[1] On September 13, 2016, the Court dismissed all claims against Defendant State of New Mexico following a settlement of Plaintiffs' claims against the State Defendant. *See* Stipulated Order, ECF No. 124.

## I.     FACTUAL BACKGROUND

On January 3, 2015, New Mexico State Police Officer Charles Boylston began investigating a shoplifting incident in a Wal-Mart store in Las Cruces that occurred that day. *See* Am. Compl. ¶¶ 30-31, ECF No. 19; Defs.' Ex. B 40:17-41:14, ECF No. 111-2. Agent Boylston had surveillance video of the persons they believed to be the suspects. *See* Am. Compl. ¶¶ 31-33, ECF No. 19. Agent Boylston asked the Wal-Mart apprehension officer to send him and Detective Rickards the photographs of the Wal-Mart shoplifting suspects. Defs.' Ex. B 40:17-43:24, ECF No. 111-2.

The next day, on January 4, 2015, an incident occurred between Plaintiffs and Defendant Rodriguez in which he Tasered both Plaintiffs. *See* Pl.'s Mem., Undisputed Fact ("UF") ¶ 1, ECF No. 29; Pl.'s Ex. C (video of incident), ECF No. 31. Following the incident, Plaintiffs were each charged with a petty misdemeanor count of assault on an officer, which were subsequently dismissed with prejudice by the court. Am. Compl. ¶ 28, ECF No. 19.

On January 6, 2015, Defendant Rickards contacted Agent Boylston and positively identified Plaintiffs as the shoplifters in the Wal-Mart video. *Id.* ¶ 32. Arrest warrants were issued for Plaintiffs on January 9, 2015, and they were each arrested by City officers on that date. *Id.* ¶ 39. Upon subsequent investigation by Agent Boylston, he requested that the charges be dropped against Plaintiffs, and the cases were dismissed on January 15, 2015. *See id.* ¶¶ 44-47.

On October 5, 2015, Plaintiffs filed a complaint arising from the incidents, and on February 2, 2016, they filed an amended complaint against the State of New Mexico, City of Las Cruces, Officer Rodriguez, and Detective Rickards. *See id.* As to Defendant Rickards, Plaintiffs alleged that, on or about January 5 and 6, 2015, City of Las Cruces Police officers, including

Defendants Rickards and Rodriguez, conspired to provide unverified or purposely false information to Agent Boylston stating that Plaintiffs were the shoplifters identified in Wal-Mart's video of the crime. *Id.* ¶ 31. Plaintiffs' Amended Complaint contained three causes of action against Defendant Rickards: false arrest and imprisonment under the New Mexico Tort Claims Act ("NMTCA"), N.M. Stat. Ann. § 41-4-12, (Count IV); malicious abuse of process under the NMTCA (Count V); and false arrest under the Fourth Amendment (Count VIII). *Id.* ¶¶ 66-71, 80-84. The State filed its Answer to the Amended Complaint on February 15, 2016, and the City Defendants filed their Answer the following day. *See* Answers, ECF Nos. 26-27.

On March 15, 2016, Plaintiffs deposed Defendant Rickards. Pls.' Ex. A, ECF No. 104-1. When asked at his deposition if, prior to January 6, he knew anything about or had heard about the arrest or Tasings of Plaintiffs, Defendant Rickards stated that he knew nothing about it and had never heard anything about it. *See* Pls.' Ex. A 19:14-22:6, ECF No. 104-1. Defendant Rickards testified that Agent Boylston sent him photographs of a male and female in a Wal-Mart store in order to try to identify the persons, and Defendant Rickards sent those photographs to officers. *See id.* 22:19-24:25. Relying on Defendant Rickards' sworn testimony that he was not involved in a conspiracy to arrest them, Plaintiffs filed a Stipulated Dismissal of Defendant Michael Rickards. *See* Pl.'s Mot. 2, ECF No. 104; Stipulated Dismissal, ECF No. 47. The Stipulated Dismissal said that all parties agreed to Plaintiffs' voluntary dismissal of Defendant Rickards from the case without prejudice under Rule 41(a)(1)(A)(ii). Stipulated Dismissal, ECF No. 47. On March 24, 2016, the Court entered an order dismissing "without prejudice" Defendant Rickards from the case. Order, ECF No. 54.

On August 5, 2016, Plaintiffs filed a motion to reinstate Defendant Rickards, based on evidence discovered during the depositions of Defendant Rodriguez and Officer Joshua Milks on

July 28, 2016, and August 3, 2016, respectively. Pls.' Mot. 2, ECF No. 104. Plaintiffs contend

that facts discovered during the depositions are prima facie evidence that Detective Rickards

knew about the Taser incident and was trying to get someone to name Plaintiffs as the shoplifters

by using an unrelated photograph from a Hastings store. *See id.* at 2-3. Specifically, in his

deposition, Defendant Rodriguez testified that Detective Rickards sent him a text and two

photographs of two people for identification. *See* Pl.'s Ex. C, ECF No. 104-1; Pl.'s Reply, Ex. A

54:21-57:24, ECF No. 118-1. Detective Rickards' text asked, "Recognize these two," to which

Defendant Rodriguez responded by text message, "Looks like Phillip Lopez and Feliz

Gonzalez." *See* Pl.'s Ex. C, ECF No. 104-1; Pl.'s Reply, Ex. A 54:21-57:24, ECF No. 118-1.

Detective Rickards responded by text, "Atta baby! Thats what i wanted to hear. Ok i thought so

but milks was unsure." Pl.'s Ex. C, ECF No. 104-1. Defendant Rodriguez replied, "Yea I don't

think I'll forget them after Sunday." *Id.* Detective Rickards texted, "Thats what i figured. You

never forgot someone that you fight with. Never." *Id.*  He then explained by text that they did a

felony shoplifting on Saturday and tried to hit Hastings today. *Id.* Defendant Rodriguez replied,

"That's good to hear they had nothing but good things to say about the department." *Id.*

Detective Rickards replied, "Ill make sure they get excellent service." *Id.*

Counsel asked Defendant Rodriguez in his deposition why he had not produced those

documents when he was asked for all documents during written discovery. Defs.' Ex. A 61:3-25.

Defendant Rodriguez replied that he gave them to his attorney, Robert Cabello, showed him that

he had them, and sent them to him. *See id.* He does not offer a specific date when he showed

them or sent them to defense counsel. *See id.*

Plaintiffs assert that on August 3, 2016, Officer Milks testified in his deposition that

Officer Rickards sent him photographs from the Hastings via text message. Pl.'s Mot. 4, ECF

No. 104. He stated that, after he said he could not identify the persons in the photographs, Detective Rickards asked if the people were "Phillip Lopez and Feliz Gonzales," but he still could not make a positive identification. *Id.* Plaintiffs argue that the newly discovered information indicates that Detective Rickards falsely testified at his deposition, inducing Plaintiffs to dismiss him without prejudice, and that he should not be allowed to benefit from his false testimony and the discovery abuses. *Id.* at 4-5.

The City Defendants oppose the motion to reinstate, arguing that Plaintiffs have only circumstantial evidence that does not show that Detective Rickards is liable. Defs.' Resp. 1-2, ECF No. 111. The City Defendants admit that they made disclosures outside the 30-day response deadline, but assert that the delay was unintentional and that they have cured the deficiency by stipulating to extending discovery and re-deposing Detective Rickards. *Id.* at 1. They contend that Plaintiffs' motion is essentially a motion to amend the complaint and should be denied as premature and futile because it would not survive either a motion to dismiss or motion for summary judgment. *See id.* at 2-4.

The City Defendants additionally contend Mr. Cabello's discovery omissions and delays regarding the text messages and photographs were inadvertent and unintentional. *See id.* at 4-5. Mr. Cabello admitted learning from Defendant Rodriguez sometime prior to Detective Rickards' deposition that Defendant Rodriguez was able to locate the photographs, and that he "later" sent defense counsel two photographs. *Id.* at 4. Mr. Cabello states that during the last week of July 2016, Defendant Rodriguez for the first time showed him the photographs and text messages he had previously requested. *See id.* at 4-5. Mr. Cabello says he disclosed the photographs to Plaintiffs during Defendant Rodriguez's deposition. *See id.* at 5. Mr. Cabello also admitted to failing to produce a complete BOLO as a discovery response in March 2016, but that he

produced the complete BOLO during Defendant Rodriguez's deposition. *Id.* He asserts that the primary reason for the discovery errors was that he was in and out of the hospital for a medical issue from May 16, 2016, to July 11, 2016. *Id.*

In reply, Plaintiffs argue that reinstatement should be granted because they were improperly induced to dismiss Defendant Rickards by his false testimony and by counsel's failure to disclose the relevant photographs in the defense's possession. Plaintiffs clarify that the text messages and photographs were not disclosed to them before Defendant Rodriguez's deposition; but instead, Defendant Rodriguez disclosed them after Plaintiffs' counsel specifically asked about text messages during the deposition. *See* Pls.' Reply 2, ECF No. 118; Pls.' Ex. A 54:21-57:24, ECF No. 118-1. Plaintiffs argue that the timing suggests that the late disclosures were not merely innocent mistakes, but intentional discovery violations, and that reinstatement is the appropriate remedy to address the injustice. Pls.' Reply 1-2, ECF No. 118. Plaintiffs assert that reinstatement is within the Court's inherent power, but that even if the proper standard is whether they should be granted leave to amend, Defendants have only offered conclusory arguments that amendment would be futile. *Id.* at 4-5. Plaintiffs note, however, that they did not find any case law directly on point regarding reinstatement. *Id.* at 4 & n.4. Plaintiffs also request an award of attorneys' fees for the time expended in dismissing Defendant Rickards and writing the motion to reinstate him and the supporting reply. *Id.* at 1.

## II.    STANDARD

The Court will consider Plaintiffs' motion for reinstatement as a motion to set aside the voluntary dismissal. When a plaintiff has voluntarily dismissed his case under either Rule 41(a)(1)(A)(i) or Rule 41(a)(1)(A)(ii), the plaintiff may move the court to vacate the notice and set aside the dismissal under Rule 60(b). *See Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243

(10th Cir. 2009) ("We therefore embrace the proposition that a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b).") (internal quotations omitted); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (explaining that unconditional dismissal under Rule 41(a)(1)(ii) terminates federal jurisdiction except for limited purpose of reopening and setting aside judgment of dismissal within scope allowed by Rule 60(b)).

Rule 60(b) relief is "extraordinary" and should be granted only in "exceptional circumstances." *Schmier*, 569 F.3d at 1243 (quoting *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007)). Among other grounds, Rule 60(b) permits relief from an order or final judgment based on newly discovered evidence that could not have been discovered in time with reasonable diligence; fraud, misrepresentation, or misconduct by an opposing party; or any other reason justifying relief. *See* Fed. R. Civ. P. 60(b)(2), (3), and (6). Rule 60(b)(6) gives considerable equitable powers to a court to do justice in a particular case. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990).

### III.   ANALYSIS

#### 1.  The Court will reinstate the claims against Detective Rickards

The text messages indicate that, at the time he and Agent Boylston were trying to identify the Wal-Mart suspect on or around January 6, 2015, Defendant Rickards had known of the Taser incident between Plaintiffs and Defendant Rodriguez, contrary to what his sworn testimony suggested. This newly discovered evidence supports Plaintiffs' theory of liability against Detective Rickards, and it is highly doubtful that they would have dismissed their case against him if they had the photographs and text messages now in their possession. Defendants' dilatory conduct in disclosing this relevant evidence warrants the "extraordinary" relief requested in order

to do justice in this case. The Court is particularly troubled by the evidence indicating that Mr. Cabello did not disclose the relevant text messages until mid-way through Defendant Rodriguez's deposition, after Defendant Rodriguez acknowledged possessing the evidence when specifically asked, even though Mr. Cabello had possession of the text messages and photographs, and knew their relevance, prior to the deposition. It certainly calls into question whether defense counsel planned to disclose the evidence had Defendant Rodriguez not informed Plaintiffs' counsel of the existence of the evidence during the deposition. The Court will set aside the voluntary dismissal and reinstate the claims against Defendant Rickards under Rule 60(b)(2), (3), and (6).

**2.  The Court will deny Plaintiffs' request for attorney's fees with leave to re-file**

For the first time in their reply, Plaintiffs specifically request as sanctions for discovery abuses their attorney's fees for the time expended in dismissing Defendant Rickards and writing the motion to reinstate and reply in support thereof. Because Plaintiffs raised this attorney fees request for the first time in their reply brief, Defendants have not had an opportunity to respond. The Court will therefore deny the request for attorney's fees, but do so without prejudice, with leave to re-file. If Plaintiffs choose to re-file the motion for attorney's fees, they should include evidence to support the amount of any specific fee they request.

**IT IS THEREFORE ORDERED** that Plaintiffs' Partially Unopposed Motion to Reinstate Defendant Michael Rickards (**ECF No. 104**) is **GRANTED**.

1. The Court will **VACATE** the parties' Stipulated Dismissal (**ECF No. 47**) and the Court's Order (**ECF No. 54**) dismissing Defendant Rickards from the case without prejudice.

8

2.  Plaintiffs' claims against Defendant Michael Rickards, as set forth in the Amended Complaint (ECF No. 19), are **REINSTATED**.

3.  Plaintiffs' request for attorney's fees is **DENIED with leave to re-file** as discussed herein.


_____
**UNITED STATES DISTRICT JUDGE**