UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PHILLIP O. LOPEZ and
FELIZ GONZALES,
    Plaintiffs

v.                      No. 2:15-CV-00889 JCH/SMV

THE STATE OF NEW MEXICO,
THE CITY OF LAS CRUCES, and
OFFICER DAVID RODRIGUEZ and
DETECTIVE MICHAEL RICKARDS, in their
official and individual capacities as employees of
the City of Las Cruces,
    Defendants.

## MEMORANDUM OPINION AND ORDER

On October 12, 2016, Plaintiffs Phillip O. Lopez and Feliz Gonzales filed a Motion and Memorandum in Support of Sanctions against City Defendants (ECF No. 134). Having considered the motion, the briefs, the evidence, the relevant law, and otherwise being fully advised, the Court will grant Plaintiffs' request for an award of attorney's fees, but will deny the motion in all other respects.

### I.    PROCEDURAL HISTORY

On October 11, 2016, this Court entered a Memorandum Opinion and Order granting Plaintiffs' motion to reinstate the claims against Defendant Michael Rickards. *See* Mem. Op. and Order 8-9, ECF No. 130. The Court incorporates the facts set forth in that opinion and includes herein the Analysis section:

    1.    **The Court will reinstate the claims against Detective Rickards**

The text messages indicate that, at the time he and Agent Boylston were trying to identify the Wal-Mart suspect on or around January 6, 2015, Defendant Rickards had known of the Taser incident between Plaintiffs and Defendant Rodriguez, contrary to what his sworn testimony suggested. This newly

> discovered evidence supports Plaintiffs' theory of liability against Detective Rickards, and it is highly doubtful that they would have dismissed their case against him if they had the photographs and text messages now in their possession. Defendants' dilatory conduct in disclosing this relevant evidence warrants the "extraordinary" relief requested in order to do justice in this case. The Court is particularly troubled by the evidence indicating that Mr. Cabello did not disclose the relevant text messages until mid-way through Defendant Rodriguez's deposition, after Defendant Rodriguez acknowledged possessing the evidence when specifically asked, even though Mr. Cabello had possession of the text messages and photographs, and knew their relevance, prior to the deposition. It certainly calls into question whether defense counsel planned to disclose the evidence had Defendant Rodriguez not informed Plaintiffs' counsel of the existence of the evidence during the deposition. The Court will set aside the voluntary dismissal and reinstate the claims against Defendant Rickards under Rule 60(b)(2), (3), and (6).
>
> **2.  The Court will deny Plaintiffs' request for attorney's fees with leave to re-file**
>
> For the first time in their reply, Plaintiffs specifically request as sanctions for discovery abuses their attorney's fees for the time expended in dismissing Defendant Rickards and writing the motion to reinstate and reply in support thereof. Because Plaintiffs raised this attorney fees request for the first time in their reply brief, Defendants have not had an opportunity to respond. The Court will therefore deny the request for attorney's fees, but do so without prejudice, with leave to re-file. If Plaintiffs choose to re-file the motion for attorney's fees, they should include evidence to support the amount of any specific fee they request.

*Id.* at 7-8.

Plaintiffs subsequently filed a motion for sanctions, seeking fees for counsel time spent working not only on the dismissal and reinstatement of Defendant Rickards, and the fees for work on the motion for sanctions, but also fees for time spent on attempting to secure disclosure of both portions of a relevant Be On The Look Out (hereinafter, "BOLO"). Pls.' Mot. and Mem. in Supp. of Sanctions against City Defs. (hereinafter "Pls.' Mot."), ECF No. 134. Plaintiffs submitted a Fee Affidavit of Hope Eckert, itemizing the time spent and requesting $240 per hour. Pls.' Ex. A ¶¶2-3, ECF No. 134-1. Plaintiffs also assert Defendants have engaged in a pattern of

2

withholding facts and documents, pointing to Defendants' failure to admit the now-undisputed fact that Officer Rodriguez's Taser deployed 10 additional cycles until after Plaintiffs indicated they might file a Rule 11 motion. *See* Pls.' Mot. 2-3, ECF No. 134. Plaintiffs detail their repeated efforts to get the complete BOLO, *id.* at 3, and contend that Defendants made misrepresentations during the mediation process, *id.* at 3-4. Plaintiffs request sanctions of in the form of a default judgment against the City Defendants, but acknowledging the severity of that request, alternatively for an award of attorney's fees and an exclusion of all evidence stemming from the BOLO. *Id.* at 5.

In response, Defendants deny that any of the late disclosures were done intentionally and deny that they acted with dilatory motive. Defs.' Resp. 1, ECF No. 144. As to the belated admission of fact, Defendants reply that they had initially denied it in order to preserve their defense that Officer David Rodriguez did not intend to tase Ms. Gonzales with 10 additional cycles, but upon further evaluation, decided that admission of the fact would not preclude their defense. *Id.* at 2.

With regard to the BOLO issue, Defendants assert that their mistakes occurred because counsel was between surgeries and the BOLO is two related documents, found in two different locations, one of which they sent to counsel, but which was not the one most pertinent to the case. *See id.* at 2-3. Defense counsel Robert Cabello contends he did not receive the second portion of the BOLO until May 16, 2016, but the day before, he went to the hospital for a significant medical problem. *See id.* at 3. While out of work before his scheduled medical procedures, Mr. Cabello attempted to arrange for his office to disclose the second portion of the BOLO, but his office did not send the correct document. *Id.* Mr. Cabello produced the complete BOLO during Officer Rodriguez's deposition. Mem. Op. and Order 5-6, ECF No. 130. Since

May 15, 2016, Mr. Cabello has had ten surgeries, as well as other medical appointments and tests. Defs.' Resp. 4, ECF No. 144. Mr. Cabello asserts that the discovery problems were not done with dilatory intent or to purposefully obstruct discovery. *Id.* As for his handling of the text messages related to Defendant Rickards, he acknowledges that he should have contacted opposing counsel as soon as the discovery problem became apparent instead of waiting until the middle of the deposition. *See id.*

> For the foregoing reasons, Defendants stipulate to the following:
>
> Certainly, opposing counsel have incurred costs and efforts associated with the discovery problems, and to this end the City would stipulate to reasonable attorney fees in regard to such costs and efforts.
>
>    WHEREFORE Defendants respectfully request that the Court enter an order denying Plaintiffs' Motion for Sanctions to exclude the BOLO.

*Id.*

## II.    ANALYSIS

As relevant here, Federal Rule of Civil Procedure 37(c) states that if a party fails to provide information as required by Rule 26(a) or (e), and the failure was not substantially justified or harmless, the party is not allowed to use that information at a hearing or trial, and in addition to or instead of this sanction, the court may order payment of reasonable expenses, including attorney's fees, caused by the failure, or may impose other appropriate sanctions. *See* Fed. R. Civ. P. 37(c)(1). Other appropriate sanctions may include rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). A court has broad discretion in determining whether a Rule 26(a) violation is justified or harmless, and should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the

testimony would disrupt trial; and (4) the offending party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life. Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The Court finds that the harsh sanction of default judgment is not warranted under the circumstances here when other lesser measures, such as attorney's fees, can adequately cure the prejudice to Plaintiffs. The Court also finds that excluding the BOLO evidence is not warranted. Defendants have offered justifications concerning why the BOLO evidence was not disclosed until the time of Officer Rodriguez's deposition, and Mr. Cabello's unfortunate medical issues appear to have played a not insignificant role in the delay. The Court finds that Defendants did not act in bad faith in belatedly disclosing the second portion of the BOLO. Moreover, the late disclosure will not disrupt trial in any way and any prejudice by the belated disclosure is minimal.

The Court, however, will enter attorney's fees for Plaintiffs and against Defendants, as stipulated. The Court finds that the late disclosures of the text messages and photographs regarding Defendant Rickards and the BOLO evidence caused Plaintiffs to suffer unnecessary, additional attorney's fees that would have been avoided had Defendants timely produced the evidence. Mr. Cabello, as he recognizes, should have disclosed the text messages as soon as he knew of them, and he had time to do so prior to the deposition of Officer Rodriguez, so that Plaintiffs could have had the benefit of them to prepare for that deposition. This Court has already cured much of the prejudice due to the late disclosure of the text messages and photographs by reinstating Defendant Rickards in the case. Because the lesser sanction of fees is sufficient to cure any prejudice regarding the belated disclosure of the text messages and BOLO evidence, the Court will only grant the sanction of attorney's fees and deny all other requested sanctions.

After reviewing the Fee Affidavit, the Court finds that the requested hours are reasonable for the work and the hourly rate is reasonable in this market area for an attorney of Hope Eckert's experience. Nor have Defendants objected to the amount requested. The Court will therefore award attorney's fees in the amount of $4,481.38.

Finally, as for allegations of misrepresentations made during the mediation, that issue is separately pending, and the Court will not consider it here. *See* Pls.' Sealed Mot. and Mem. in Supp. of Sanctions against City Def., ECF No. 162.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion and Memorandum in Support of Sanctions against City Defendants (**ECF No. 134**) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiffs' request for sanctions in the form of **attorney's fees in the amount of $4,481.38** is **GRANTED**, and
2. Plaintiffs' request for other sanctions is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**